UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony R. Taylor, # 197565,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>Cecilia R. Reynolds, *Warden*,<br><br>　　　　　　　　　　Respondents. | C/A No. 6:12-2831-TLW-KFM<br><br><br><br>**Report and Recommendation** |

### *Background of this Case*

Petitioner is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. In the above-captioned habeas corpus action brought pursuant to 28 U.S.C. § 2241, Petitioner has placed his allegations on a Section 2254 Petition form and indicates that he is filing the Section 2241 Petition pursuant to Local Civil Rule 83.VIII.06 and pursuant to 28 U.S.C. § 2241(c)(3).

On June 19, 1996, in the Court of General Sessions for Richland County, Petitioner was convicted in a jury trial of possession with intent to distribute marijuana (third offense) and of distribution of marijuana and was given consecutive sentences of 20 and ten years. The South Carolina Court of Appeals on May 21, 1998, affirmed the convictions on direct appeal in Opinion No. 98-UP-185 after Petitioner's appellate counsel filed an *Anders* brief.

Petitioner filed an application for post-conviction relief (Case No. 98-CP-40-4140) on November 12, 1998. The Court of Common Pleas dismissed the application on February 28, 2000.

Petitioner filed a second application for post-conviction relief (Case No. 00-CP-40-2484) on June 26, 2000. The Court of Common Pleas dismissed the application on December 13, 2001.

Petitioner filed his third application for post-conviction relief (Case No. 04-CP-40-3255) on July 2, 2004, which was summarily dismissed by the Court of Common Pleas on March 16, 2006.

In his answer to Question 11(e), Petitioner states that "all petitions, applications or motions were appealed to highest court of State[.]" In his answer to Question 11(b)(8), Petitioner indicates that certiorari was denied in the second post-conviction case on November 7, 2002.

Petitioner filed a state habeas corpus petition (Case No. 2007-CP-40-1139), which was dismissed with prejudice by the Court of Common Pleas on September 1, 2010 (ECF No.1, at page 6). Petitioner filed another state court action (Case No. 2009-CP-40-4880), which was dismissed with prejudice by the Court of Common Pleas.

Petitioner has a pending fourth application for post-conviction relief (Case No. 2011-CP-40-5965). No decision from the Court of Common Pleas has yet been issued in that case.

Petitioner raises three grounds in the Section 2241 Petition. Those grounds are: *(1)* Petitioner's indictments were fraudulent "Sham legal process" documents; *(2)*

2

Petitioner was sentenced in excess of the statutory maximum allowed by law; and *(3)* Double Jeopardy violation.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The styling or captioning of the Petition as a Section 2241 Petition will not enable this Court to address Petitioner's Section 2254 claims. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), which is cited in *Ferrell v. Warden of Lieber Corr. Inst.*, C.A. No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted*, 2010 WL 3258295 (D.S.C. Aug. 16, 2010). *Thomas v. Crosby* was also cited by the Honorable Henry F. Floyd, (then) United States District Judge, in *Rochester v. Reynolds*, Civil Action No, 8:10-1879-HFF-BHH, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (collecting cases), *appeal dismissed*, No. 10-7712, 412 Fed.Appx. 571, 2011 WL 64126 (4th Cir. Feb. 23, 2011); *cf. Gregory v.*

*Coleman*, No. 06-6646, 218 Fed.Appx. 266, 267 n. 1, 2007 WL 570522 (4th Cir. Feb. 20, 2007) (noting disagreements among other United States Courts of Appeals as to whether 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction).

Moreover, the claims raised by Petitioner in the above-captioned case are successive Section 2254 claims. In *Anthony R. Taylor v. Warden Colie Rushton*, C.A. No. 6:03-0257-HMH-WMC, Petitioner on January 24, 2003, brought a Section 2254 habeas corpus action with respect to his convictions entered in the Court of General Sessions for Richland County on June 19, 1996, and paid the five-dollar ($5) filing fee. Petitioner filed his own motion for summary judgment on April 10, 2003. On May 21, 2003, the respondent filed a return, memorandum, and motion for summary judgment. Magistrate Judge Catoe on May 27, 2003, issued a *Roseboro* order to apprise Petitioner of the dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner filed his response to the *Roseboro* order on June 13, 2003. In a Report and Recommendation filed on June 23, 2003, Magistrate Judge Catoe recommended that Petitioner's motion for summary judgment be denied and that the respondent's motion for summary judgment be granted.

The parties in Civil Action No. 6:03-0257-HMH-WMC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed timely written objections on July 3, 2003. In an Order filed in Civil Action No. 6:03-0257-HMH-WMC on July 22, 2003, the Honorable Henry M. Herlong, Jr., United States District Judge, adopted the Report and

4

Recommendation, denied Petitioner's motion for summary judgment, and granted the respondent's motion for summary judgment.

Petitioner's subsequent appeal (Fourth Circuit Docket No. 03-7195) was not successful. On December 4, 2003, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability, and the Supreme Court of the United States subsequently denied discretionary appellate review. *See Taylor v. Rushton*, No. 03-7195, 82 Fed.Appx. 303, 2003 WL 22879436 (4th Cir. Dec. 4, 2003)(*per curiam*), *cert. denied*, 541 U.S. 1088 (2004).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:03-0257-HMH-WMC was decided by summary judgment, the Petition in the above-captioned case (Civil Action No. 6:12-2831-TLW-KFM) is successive.

This court may take judicial notice of Civil Action No. 6:03-0257-HMH-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district

court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be denied in the above-captioned case because Petitioner is raising successive Section 2254 claims.

### *Recommendation*

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

October 4, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).